Allan B. Cooper (SBN 60862)
  acooper@ecjlaw.com
ERVIN COHEN & JESSUP LLP
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone:  (310) 273-6333
Facsimile:  (310) 859-2325

Attorneys for Defendant,
*Remington Designs, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI-SPLENDOR CORP., a Taiwanese company,<br><br>                Plaintiff,<br><br>        v.<br><br>REMINGTON DESIGNS, LLC, a California limited liability company<br><br>                Defendant. | Case No. 2:16-cv-9316 PA (SSx)<br><br>**REMINGTON DESIGNS, LLC'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR:**<br><br>**1)    BREACH OF CONTRACT;**<br>**2)    QUANTUM MERUIT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: 12/16/2016 |
| REMINGTON DESIGNS, LLC, a California limited liability company<br><br>                Counterclaimant,<br><br>        v.<br><br>UNI-SPLENDOR CORP., a Taiwanese company,<br><br>                Counterdefendant. | |

ERVIN COHEN & JESSUP LLP

15056.5:2880470.1

REMINGTON DESIGNS ANSWER TO FIRST AMENDED COMPLAINT

Defendant Remington Designs, LLC ("Defendant" or "Remington"), a California limited liability company , admits, denies and alleges as follows in response to Plaintiff Uni-Splendor Corp.'s ("Plaintiff" or "U-S") First Amended Complaint:

## ANSWER

## PARTIES

1.  Denies, for lack of information or belief, each allegation of Paragraph 1.

2.  Admits the allegations of Paragraph 2 except as follows:  Denies that all of the members of Remington are citizens of California.

3.  Admits the allegations of Paragraph 3 except as follows:  Deny, for lack of information or belief, that Plaintiff is a citizen of Taiwan.

## JURISDICTION AND VENUE

4.  Denies, for lack of information or belief, each allegation of Paragraph 4 except as follows:  Admit that the majority-in-interest of Remington's members are citizens of California and that other members are citizens of other states.

5.  Denies that any wrongful actions alleged by Plaintiff occurred in this District, or at all.  Except as so denied, admits the allegations of Paragraph 5.

6.  Admits the allegations of Paragraph 6.

## ANSWER TO ALLEGATIONS REGARDING FACTS COMMON TO ALL CLAIMS

7.  Admits the allegations of Paragraph 7.

8.  Denies, for lack of information or belief, each allegation of Paragraph 8.

9.  Admits that Remington ordered "iCoffee Brand Goods" via purchase orders.  Alleges that all such purchase orders speak for themselves, and therefore, except as so admitted or alleged, denies each allegation of Paragraph 9.

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

10.    Denies each allegation of Paragraph 10 except as follows:  Denies, for lack of information or belief, the allegations of the last sentence of that paragraph. Admits that Remington had not paid for all iCoffee-Brand Goods ordered and delivered.  Alleges that by July 2015, Remington had noticed an alarming return rate in the iCoffee-Brand Goods manufactured by U-S and were investigating why that was the case.  Such return rates were well above industry standard and were causing harm to Remington's business, as the retailers would simply deduct from their purchases the gross amount of the returns.

11.    Denies each allegation of Paragraph 11 except as follows:  Admits that Remington and U-S entered into a payment plan arrangement in July of 2015 based on U-S's agreement to investigate and correct the problem with the iCoffee-Brand Goods it was manufacturing—a problem which turned out to be faulty pumps that were not designed by Remington but which instead were "off the shelf" pumps purchased by U-S from a third-party vendor of its selection.  Alleges that Remington adhered to that schedule for several months but that U-S did nothing to correct the problem, as a result of which Remington could not afford to adhere to the payment schedule.

12.    Denies each allegation of Paragraph 12 except as follows:  Alleges that Remington, to avoid having to go out of business due to U-S's defectively manufactured products, spent tens of thousands of hours re-working units shipped by U-S before distributing them to retailers for sale.

13.    Denies, for lack of information or belief, each allegation of Paragraph 13 except as follows:  Alleges that U-S did not destroy any such goods, but instead sold, and continues to sell, iCoffee-Brand Goods  to deep discounters without Remington's consent and in violation of Remington's trademark, patent and common law rights, as more fully alleged in Remington's counterclaims, below.

14.    Denies each allegation of Paragraph 14 except as follows:  Alleges that the parties met in 2016 to try to resolve their outstanding issues, that U-S would not

3

1  agree to any resolution, and that U-S filed this action to cause a potential transaction

2  between Remington and a third party to abort or extract leverage over Remington.

3  ## ANSWER TO FIRST CAUSE OF ACTION

4  15.    Remington incorporates each admission, denial and allegation of

5  Paragraphs 1-14 hereof as though set forth at length herein.

6  16.    Admits the allegations of Paragraph 16 except as follows:  Alleges that

7  such purchase orders speak for themselves.

8  17.    Denies each allegation of Paragraph 17.

9  18.    Denies each allegation of Paragraph 18.

10  19.    Denies each allegation of Paragraph 19.

11  ## ANSWER TO SECOND CAUSE OF ACTION

12  20.    Remington incorporates each admission, denial and allegation of

13  Paragraphs 1-19 hereof as though set forth at length herein.

14  21.    Denies the factual allegations contained in Paragraph 21.

15  22.    Denies, for lack of information or belief, each allegation of Paragraph

16  22.

17  23.    Denies each allegation of Paragraph 23.

18  24.    Denies each allegation of Paragraph 24.

19  25.    Denies each allegation of Paragraph 25.

20

21  ## AFFIRMATIVE DEFENSES

22  ## FIRST

23  26.    The First Amended Complaint, and each cause of action thereof, fails

24  to state facts sufficient to constitute a cause of action.

25  ## SECOND

26  27.    Any performance allegedly due by Remington under the purchase

27  orders alleged by Plaintiff was excused by Plaintiff's supplying defective product in

28  violation of its obligations thereunder, as alleged in Paragraphs 10 and 12 hereof,

ERVIN COHEN & JESSUP LLP

1  which are incorporated by reference as though set forth at length herein.

2  **THIRD**

3      28.    Remington is entitled to an offset against any amounts otherwise

4  determined to be due and owing U-S, in an amount reflecting the damages caused

5  Remington by the defective product supplied by U-S, including but not limited to (i)

6  the costs and expenses incurred by Remington re-working such defective product,

7  (ii) the lost revenue sustained by Remington from excessive returns of the defective

8  product, and (iii) the harm to Remington's business and reputation caused by the

9  defective product.

10  **FOURTH**

11      29.    Remington is entitled to an offset against any amounts otherwise

12  determined to be owning U-S, in the amount determined to be owed Remington on

13  account of its counterclaims, as hereinafter alleged.

14      30.    Defendant reserves the right to assert additional defenses based upon

15  further investigation and discovery.

16

17  **COUNTERCLAIMS**

18  **PARTIES**

19      Counterclaimant Remington Designs, LLC ("Remington" or

20  "Counterclaimant") by and through its counsel, asserts the following counterclaim

21  against Counterdefendant Uni-Splendor Corp. ("U-S", or "Counterdefendant") as

22  follows:

23      31.    Remington is a limited liability company organized and existing under

24  the laws of the State of California, with its principal place of business in Valencia,

25  California, County of Los Angeles, in this judicial district. Remington's constituent

26  members are all residents of states in the United States, with the majority-in-interest

27  being residents of the State of California.

28

ERVIN COHEN & JESSUP LLP

2:16-cv-9316 PX (SSx)
REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

**ERVIN COHEN & JESSUP** LLP

1

## JURISDICTION AND VENUE

2      32.     U-S alleges in its First Amended Complaint herein that it is a
3  Taiwanese corporation with its principal place of business in Taiwan.  Based on that
4  allegation, Remington is informed and believes that neither Remington nor any of
5  its constituent members shares a state residence or domicile with U-S.  As alleged
6  more fully hereinbelow, the amount in controversy exceeds $75,000 exclusive of
7  interest, costs and attorney's fees.  This Court therefore has subject matter
8  jurisdiction over these Counterclaims pursuant to 28 U.S.C. §1332 (diversity
9  jurisdiction).

10      33.     As alleged more fully below, this Court also has subject matter
11  jurisdiction pursuant to 28 U.S.C.  §§1331 and 1338(a) and (b) because this action
12  involves substantial claims arising under the laws of the United States, including but
13  not limited to the patent and trademark laws, as well as unfair competition claims
14  joined with substantial and related claims under the patent and trademark laws.

15      34.     This Court has personal jurisdiction over U-S because (a) U-S has
16  submitted to the personal jurisdiction of this Court by filing the instant action in this
17  District and (b) a substantial part of the wrongful actions alleged herein occurred in
18  this District.

19      35.     Pursuant to 28 U.S.C. §1391 (b)(2) and (3) and (c)(3), venue is proper
20  in this Court because (a) a substantial part of the events giving rise to the claims in
21  this action occurred in this District (b) this Court has personal jurisdiction over U-S
22  as hereinabove alleged, and (c) U-S is not resident in the United States and thus may
23  be sued in any judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

24

25      36.     Remington is engaged in the design, manufacture and distribution of,
26  among other things, K-Cup compatible single-cup coffee brewers under the
27  registered trademark iCoffee.  Remington devised a new technology (patent

28

1   pending) which it named Spin Brew; the technology's jets spin, steam and stir inside

2   the K-cup, creating a mini French press-like effect that produces a noticeably

3   smoother tasting coffee with a more pleasant aftertaste and aroma.  Remington

4   designed and developed several models of iCoffee brewers which employ the Spin-

5   Brew technology—Opus, Mozart, DaVinci and Express (the "iCoffee-Brand

6   goods")—all of which are Remington trademarks.   The iCoffee-Brand goods also

7   incorporate other patents held by Remington.

8       37.   In addition to devising the technology and designing and developing

9   the iCoffee Brand goods, Remington also designed the packaging, marketing

10   materials and customer service and warranty information to be included with the

11   brewers.  These materials all utilize Remington trademarks.  Moreover, the warranty

12   information represents Remington's commitment to the purchasers of the iCoffee-

13   Brand goods Remington sells.

14       38.   What Remington itself is not, however, is a manufacturer.

15   Accordingly, in 2013 Remington set out to engage someone who could competently

16   manufacture the iCoffee-Brand goods to Remington's design specifications and

17   supply them to Remington for sale.

18       39.   In 2014, Remington engaged U-S to manufacture for, and supply the

19   iCoffee-Brand goods to, Remington.  The way that the arrangement worked was as

20   follows:  Remington would determine how many iCoffee-Brand goods it thought it

21   could sell, and would issue purchase orders to U-S to manufacture those goods for

22   Remington.  U-S would manufacture the iCoffee-Brand goods, package them in the

23   Remington packaging, and ship them to Remington.  Remington would then sell the

24   goods to its customers—principally large retailers such as Target and Bed, Bath &

25   Beyond—for sale to the ultimate consumer.  If the consumer for some reason

26   returned the brewer, the retailer would deduct the sale price of the brewer from its

27   next payment for iCoffee-Brand goods.  In fact, so long as the retailer carried

28   iCoffee-Brand goods, it would usually accept a return even if the brewer returned

1  had not been purchased from that retailer, because, it would result in a dollar-for-

2  dollar reduction of the sums owing to Remington.

3    40.    At all times, U-S was solely Remington's source of supply.  U-S did

4  not, and does not, hold any license of any of Remington's patents or trademarks.  At

5  no time has it had any right or authority to sell the iCoffee-Brand goods to anyone

6  other than Remington, nor to use Remington's packaging, marketing materials or

7  customer service and warranty information for its own benefit.

8    41.    In 2015, Remington began experiencing an inordinately high rate of

9  returns—significantly above industry average—of iCoffee-Brand goods.  Upon

10  investigation, Remington determined that the fundamental problem was that the

11  pumps in the brewers did not operate properly because they did not prime correctly

12  if at all.  The pumps were not designed by Remington; rather, they were off-the-

13  shelf pumps purchased by U-S from a vendor selected solely by U-S; Remington

14  had no involvement in the vendor or pump selection.

15    42.    Upon discovery of the problem, Remington promptly notified U-S.

16  However, U-S continued to ship iCoffee-Brand goods with the defective pumps and

17  continued to expect Remington to pay for them notwithstanding that they were

18  being returned at an alarming rate.  Meanwhile, in order to avoid going out of

19  business, Remington was required to do something it had never intended to do, and

20  never should have been required to do:  Remove the units delivered by U-S from

21  their packaging, prime the pumps itself, and then re-package the units to ship to the

22  retailers.  Remington spent tens of thousands of hours "re-working" the units in this

23  way.  These efforts ameliorated the harm to Remington to some extent, but more

24  typically simply delayed the returns, as the pumps would fail to prime at some point

25  anyway and the consumer would return the unit when it failed to function.

26    43.    This problem negatively impacted Remington in at least 5 ways.  First,

27  since the retailer would deduct the returns from amounts due Remington on a dollar-

28  for-basis, the problem reduced Remington's revenues on an ongoing basis.

8

ERVIN COHEN & JESSUP LLP

1  Second, Remington was forced to incur substantial time, money and effort in re-
2  working the defective products supplied by U-S. Third, the extraordinary high rate
3  of returns caused a deterioration in the relationship between Remington and its
4  customers, whose orders decreased over time. Fourth, the problem devalued
5  Remington's brand and marks, as consumers became reluctant to purchase iCoffee-
6  Brand goods as they became associated with poor products. And fifth, U-S
7  continued to manufacture and ship these defective goods to Remington and expect
8  Remington to pay for them, knowing that the goods were defective.

9      44.    U-S initially denied that the goods were defective. However, following
10 a series of meetings at Remington in December of 2015 attended by both
11 representatives of U-S and its pump supplier, U-S finally acknowledged the problem
12 and informed Remington that it would seek a new pump supplier. Nonetheless, U-S
13 continued to press Remington for payment for the defective goods it had shipped.

14     45.    In 2016, Remington and U-S had numerous discussions about their
15 relationship. At various times, payment schedules would be agreed to assuming that
16 the pump problem would be solved. Remington made payments for a time under
17 one or more of those schedules, but U-S never corrected the problem, and
18 Remington refused to pay while still receiving defective product. Ultimately the
19 relationship ended.

20     46.    U-S informed Remington that unless Remington agreed to pay in
21 advance for storage of iCoffee-Brand goods manufactured but not delivered, U-S
22 would destroy the goods. Remington refused to do so, as paying to store defective
23 goods made no sense to it. However, instead of destroying the goods, U-S instead
24 began selling iCoffee-Brand goods, in Remington packaging and using Remington
25 marketing and customer service warranty information, for its own account.
26 Remington is informed and believes and thereon alleges that U-S has made such
27 sales in California, other states of the United States, and Canada, among other
28 places. Such sales have been made with no notice to or consent by Remington, and

ERVIN COHEN & JESSUP LLP

U-S has no license, contract or other authority to do so.  Such conduct constitutes U-S's wrongfully arrogating to itself the right to use Remington's patented technology and trademarks.  Moreover, U-S has made such sales primarily to deep discounters, causing a devaluation of Remington's iCoffee brand and hurting Remington's relationship with its national retailer customers.  Further, such conduct misleads such consumers into believing that these goods come from Remington and that they are being warranted by Remington, when in fact they do not and are not.

## FIRST CAUSE OF ACTION

### (Intentional Tortious Interference With Prospective Economic Advantage)
### *By Counterclaimant Against Counterdefendant*

47.     Counterclaimant re-alleges and incorporates herein by reference each allegation of paragraphs 31 through 46 hereof as though set forth at length herein.

48.     Remington has designed and marketed the iCoffee-Brand goods since 2014, and had developed existing business relationships with the customers who purchased those products, including but not limited to large retailers such as Target and Bed, Bath & Beyond.

49.     By virtue of having been engaged by Remington to manufacture the iCoffee-Brand goods for Remington's sole use and benefit, U-S owed Remington a duty not to improperly compete with or disrupt Remington's business, interfere with or disrupt Remington's business relationships with its customers, or place Remington's customers in competition with others by selling those others goods purporting to be sold by Remington.

50.     U-S knew of Remington's advantageous business relationships with its customers, yet engaged in the wrongful conduct hereinabove alleged.  In so acting, U-S knew that it would be devaluing Remington's brand in the eyes of its customers and that Remington would be harmed by (a) supplying its customers with the goods

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

ERVIN COHEN & JESSUP LLP

ERVIN COHEN & JESSUP LLP

defectively manufactured by U-S and (b) having products purporting to have been ordered, marketed and sold by Remington be sold to deep discounters to be re-sold to consumers in competition with Remington's customers, who in turn would blame Remington for such unfair competition.

51.     Remington is informed and believes and thereon alleges that its prospective and economically advantageous relationships with its customers have in fact been interfered with by U-S's conduct because customers who otherwise would have purchased the iCoffee-Brand goods from Remington have been dissuaded from doing so either out of fear of having their own reputations and brands devalued by selling the goods defectively manufactured by U-S, or by being undercut price-wise by the deep discounters to whom U-S has sold goods bearing all the earmarks of iCoffee-Brand goods but sold by U-S wrongfully for its own benefit.  Remington does not presently know the extent of the damage to its business relationships, and intends to flesh this out through discovery, but alleges that U-S's actions have interfered at least with the following advantageous business relationships enjoyed by Remington:  Target and Bed, Bath & Beyond.  Remington further alleges that a good faith estimate of such damages exceeds $75,000, exclusive of interest, attorney's fees and costs.

52.     As a direct and proximate result of Counterdefendant's unlawful conduct, Counterclaimants have been damaged in an amount to be proved at trial.

53.     Counterdefendant's conduct was, and is, unlawful and unprivileged and undertaken with the intention of interfering with Counterclaimant's contracts with its customers.  Counterdefendant's conduct was oppressive, fraudulent and malicious and Counterclaimant is accordingly entitled to recover exemplary and punitive damages from Counterdefendant in an amount to be proven at trial.

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

ERVIN COHEN & JESSUP LLP

# SECOND CAUSE OF ACTION

## (Unfair Business Practices In Violation of Bus. & Prof. Code. Section 17200)

### *By Counterclaimant Against Counterdefendant*

54.     Counterclaimant realleges and incorporates herein by reference each allegation of paragraphs 31 through 46 hereof as though set forth at length herein.

55.     U-S's various breaches of duty, and anti-competitive and fraudulent conduct described hereinabove constitute unlawful, unfair and/or fraudulent business practices in violation of Section 17200, et seq. of the California Business and Professions Code.  In particular, U-S's selling goods for its own account utilizing Remington's patents, trademarks, packaging and customer service and warranty information, all without any license, authority or permission to do so, constitutes such prohibited business practices.

56.     As a direct and proximate consequence of these wrongful acts, Counterclaimant has suffered economic losses in an amount to be proved at trial; a good faith estimate thereof exceeds $75,000 exclusive of interest, costs and attorney's fees.

57.     Counterdefendant's actions have caused severe damage to Counterclaimant's reputation and impeded its ability to lawfully sell the iCoffee-Brand goods.  Counterclaimant seeks injunctive relief enjoining Counterdefendant from selling coffee brewers containing Remington's patented technology, using packaging or other materials containing Remington's trademarks, and/or intentionally disseminating or intimating misinformation that would imply that either U-S was authorized to sell iCoffee-Brand goods or that the goods it sold came from or were warranted by Remington.

**THIRD CAUSE OF ACTION**

**(Trademark Infringement Under 15 U.S.C. Section 1114)**

*By Counterclaimant Against Counterdefendant*

58.     Counterclaimant realleges and incorporates herein by reference each allegation of paragraphs 31 through 46 hereof as though set forth at length herein.

59.     Remington owns certain registered and unregistered trademarks, both foreign and domestic, all as set forth on Exhibit A attached hereto and incorporated herein by reference, and hereby referred to as the "Marks.

60.     Counterdefendant has engaged in trademark infringement pursuant to 15 U.S.C. Section 1114 by promoting, selling and marketing products using one or more of the Marks—including but not limited to "iCoffee" and "DaVinci"--without Counterclaimant's permission.

61.     The Marks are highly distinctive, arbitrary and/or fanciful and are entitled to strong trademark protection.

62.     Counterdefendant continues to promote, sell and market products utilizing Remington's Marks in direct competition with Remington's products. Counterdefendant uses Counterclaimant's Marks on the same, related or complementary category of goods as Counterclaimant.

63.     Consumers are likely to believe that the products wrongfully sold by Counterdefendant are approved, made or warranted by Remington, and are likely to be confused as to the source of the parties' products.

64.     Remington is informed and believes and thereon alleges that Counterdefendant markets its products to the same ultimate consumers and through similar marketing channels.

65.     Counterdefendant's intentional, continuing and willful infringement of Remington's Marks has caused and will continue to cause damage to Counterclaimants and is causing irreparable harm to Counterclaimants for which

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

ERVIN COHEN & JESSUP LLP

1  there is no adequate remedy at law.

2      66.    As a result of Counterdefendants' willful trademark infringement,

3  Counterclaimants are entitled to damages according to proof at trial as well as treble

4  damages and injunctive relief against further infringement.

5

6  **FOURTH CAUSE OF ACTION**

7  **(Trademark Infringement Under 15 U.S.C. Section 1125)**

8  ***By Counterclaimant Against Counterdefendant***

9      67.    Counterclaimants reallege and incorporate herein by reference each

10  allegation of paragraphs 31 through 46 and 59 through 66 hereof as though set forth

11  at length herein.

12      68.    In connection with its sales of single-cup coffee brewers, U-S has

13  knowingly and willfully used in commerce, words, terms, names, symbols, or

14  devices, or a combination thereof, which are likely to cause confusion, or to cause

15  mistake, or to deceive as to the affiliation, connection or association of U-S with

16  Remington, or as to the origin, sponsorship or approval of U-S's products.

17      69.    Counterdefendant's use of Counterclaimant's Marks constitutes

18  trademark infringement under 15 U.S.C. Section 1125(a).

19      70.    Counterclaimant's use of its Marks in commerce precedes U-S's

20  wrongful use of Remington's Marks in interstate commerce.

21      71.    Remington is informed and believes and thereon alleges that U-S's

22  aforesaid acts were done with knowledge of Remington's Marks, and the knowledge

23  that use of such words, terms, names, symbols or devices, or a combination thereof,

24  was misleading.

25      72.    Counterdefendant's intentional and willful infringement of

26  Counterclaimant's Marks has caused and will continue to cause damage to

27  Counterclaimant and is causing irreparable harm to Counterclaimant for which there

28

2:16-cv-9316 PX (SSx)

ERVIN COHEN & JESSUP LLP

1  is no adequate remedy at law, thus entitling Counterclaimant to injunctive and

2  equitable relief against Counterdefendant under the Lanham Act.

3      73.    Counterclaimant was damaged by these acts in an amount to be proven

4  at trial.

5      74.    Counterclaimant is also entitled to treble damages because of the

6  intentional and willful nature of Counterdefendant's infringement of the Marks.

7

8                    **FIFTH CAUSE OF ACTION**

9            **(False Advertising Under 15 U.S.C. Section 1125)**

10              ***By Counterclaimant Against Counterdefendant***

11     75.    Counterclaimant realleges and incorporates herein by reference each

12 allegation of paragraphs 31 through 46 and 59 through 66 hereof as though set forth

13 at length herein.

14     76.    Counterdefendant has intentionally marketed the single-cup coffee

15 brewers it has sold as a Remington iCoffee-Brand brewer whose sale by U-S has

16 been authorized, approved and warranted by Remington.  In fact, such sales by U-S

17 have been without license, authority, approval or warranty by Remington.

18     77.    Counterdefendant's statements are likely to mislead a consumer to

19 believe that the brewers it has sold originate from Counterclaimant. or is sponsored

20 or approved by Counterclaimant.

21     78.    Counterdefendant has thus caused, and will continue to cause, actual

22 confusion among the ultimate consumers, who have mistakenly believed that

23 Counterclaimant is the source of, or otherwise affiliated with, the brewers sold by

24 Counterdefendant.

25     79.    Counterdefendant's misleading statements constitute false advertising

26 under 15 U.S.C. Section 1125(a).

27     80.    Counterclaimant is informed and believes and based thereon alleges

28 that Counterdefendant's aforesaid acts were done with knowledge of

ERVIN COHEN & JESSUP LLP

15                                    2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

1  Counterclaimant's Marks, and the knowledge that use of such words, terms names,

2  symbols or devices, or a combination thereof, was misleading.

3       81.    Counterclaimant has been damaged by Counterdefendant's acts in an

4  amount to be proven at trial.

5       82.    Counterdefendant's intentional and willful acts of false advertising

6  have caused and will continue to cause irreparable harm to Counterclaimant for

7  which there is no adequate remedy at law, thereby entitling Counterclaimant to

8  injunctive and equitable relief under the Lanham Act.

9       83.    Counterclaimant is also entitled to treble damages because of the

10  willful and intentional nature of Counterdefendant'' false advertising.

11

12              **SIXTH CAUSE OF ACTION**

13  **(Trade Dress Infringement Under 15 U.S.C. Section 1125)**

14  ***By Counterclaimant Against Counterdefendant***

15      84.    Counterclaimant realleges and incorporates herein by reference each

16  allegation of paragraphs 31 through 46 and 59 through 66 hereof as though set forth

17  at length herein.

18      85.    Counterdefendant willfully used in commerce single-cup coffee

19  brewers designed by Remington for Remington's own use and benefit, which is

20  likely to cause confusion, or to cause mistake, or to deceive as to the affiliation,

21  connection, or association of Counterclaimant with Counterdefendant, or as to

22  origin, sponsorship, or approval of Counterdefendant's products.

23      86.    On information and belief, Counterdefendant's actions have caused

24  actual confusion among consumers, who have mistakenly believed that

25  Counterclaimant produces the products sold by Counterdefendant.

26      87.    Counterdefendant's use of designs, packaging and other materials that

27  are identical to Remington's in connection with the sale of Counterdefendant's

28  products constitutes trade dress infringement under 15 U.S.C. Section 1125(a).

ERVIN COHEN & JESSUP LLP

16

2:16-cv-9316 PX (SSx)

1    88.    Counterclaimant is informed and believes and thereon alleges that
2  Counterdefendant's aforesaid acts were done with knowledge of Counterclaimant's
3  trade dress, and the knowledge that use of such designs was misleading.

4    89.    Counterdefendant's intentional and willful infringement of
5  Counterclaimant's trade dress has caused and will continue to cause damage to
6  Counterclaimant, and is causing irreparable harm to Counterclaimant for which
7  there is no adequate remedy at law.  Counterclaimant is thus entitled to injunctive
8  and equitable relief against Counterdefendant under the Lanham Act.

9    90.    Counterclaimant has been damaged by these acts in an amount to be
10 proven at trial.

11

## SEVENTH CAUSE OF ACTION

### (Common Law Trademark Infringement and Unfair Competition)
### *By Counterclaimant Against Counterdefendant*

15   91.    Counterclaimant realleges and incorporates herein by reference each
16 allegation of paragraphs 31 through 46 and 59 through 66 hereof as though set forth
17 at length herein.

18   92.    Counterclaimant is informed and believes and thereon alleges that
19 Counterdefendant's aforesaid acts constitute actionable wrongs under the common
20 law in that Counterdefendant's use of Counterclaimant's Marks and trade dress and
21 marketing and sale of its coffee brewers constitutes an infringement and violation of
22 Counterclaimant's rights in the Marks and trade dress and creates a likelihood that
23 Counterclaimant's customers, potential customers, and the public generally will be
24 confused or misled as to the source of goods and services because they are likely to
25 believe that Counterdefendant is selling goods affiliated with Counterclaimant.

26   93.    By reason of the foregoing unlawful acts, Counterdefendant has caused,
27 and continues to cause, substantial and irreparable damage and injury to
28 Counterclaimant and to the public.  Counterdefendant has benefited from such

17

2:16-cv-9316 PX (SSx)

ERVIN COHEN & JESSUP LLP

1  unlawful conduct and will continue to carry out such unlawful conduct and to be

2  unjustly enriched thereby unless enjoined by the Court.

3      94.    As a proximate and direct result of Counterdefendant's acts as herein

4  alleged, Counterclaimant has sustained damages in an amount to be proven at trial.

6  ### EIGHTH CAUSE OF ACTION

7  #### Patent Infringement

8  #### *Against Counterdefendant*

9      95.    Counterclaimant realleges and incorporates herein by reference each

10  allegation of paragraphs 31 through 46 hereof as though set forth at length herein.

11      96.    Counterclaimant is the holder of the domestic and foreign patents set

12  forth in Exhibits B and C, respectively, and incorporated herein by reference.  One

13  or more of such patents is incorporated into each of the iCoffee-Brand goods.  U-S

14  has infringed, and continue to infringe, one or more claims of such patents selling

15  the iCoffee-Brands goods manufactured for Remington's sole use and benefit for U-

16  S's own account, with neither license, authority or permission to do so.  Remington

17  is informed and believes and thereon alleges that U-S has offered to sell and selling

18  (directly or through intermediaries) infringing products in this District, elsewhere in

19  the United States, and in foreign countries in which Remington holds patents.

20      97.    Remington is informed and believes and thereon alleges that pictures of

21  such infringing units are attached hereto collectively as Exhibit D and are

22  incorporated herein by reference.

23      98.    Remington is entitled to recover from U-S the damages sustained by

24  Remington as a result of U-S's wrongful acts.

25      99.    Counterdefendant's infringement is knowing and is intentional, willful,

26  wanton and deliberate, without license and with full knowledge of Remington's

27  rights.

28

ERVIN COHEN & JESSUP LLP

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

100.   U-S's infringing activities have damaged Remington. Unless this Court enjoins U-S's acts of infringement, Remington will continue to suffer irreparable injury.

## PRAYER

WHEREFORE, Defendant/Counterclaimaint Remington Designs, LLC prays for judgment as follows:

1.     That Plaintiff/Counterdefendant Uni-Splendor Corp. take nothing by way of its Complaint.

2.     For compensatory damages according to proof.

3.     For treble damages on the causes of action for which they are legally permissible.

4.     For punitive damages on those causes of action for which they are legally permissible.

5.     For injunctive relief to abate Plaintiff's/Counterdefendant's wrongful conduct as hereinabove alleged.

6.     For costs of suit incurred herein.

7.     For attorney's fees if and to the extent provided by law.

8.     For such other and further relief as the Court deems just and proper.

///

///

///

///

///

///

///

///

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

ERVIN COHEN & JESSUP LLP

1

## __DEMAND FOR TRIAL BY JURY__

2

Defendant / Counterclaimant demands trial by jury.

3

4    DATED: February 21, 2017         ERVIN COHEN & JESSUP LLP
5                                     Allan B. Cooper

6

7                                By:  _____*/s/ Allan B. Cooper*_____
8                                     Allan B. Cooper
                                      Attorneys for Defendant REMINGTON
9                                     DESIGNS, LLC, a California limited
                                      liability company

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2:16-cv-9316 PX (SSx)

REMINGTON DESIGNS, LLC'S ANSWER TO FIRST AMENDED COMPLAINT FOR:

# EXHIBIT A

**EXHIBIT C**

Trademarks

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|---|---|---|---|---|---|---|---|
| 1. | A Bolder Smoother Experience | U.S. | 85909293 | 4/19/2013 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 2. | BREW YOUR OWN | U.S. | 86377201 | 8/26/2014 | 1B | N/A | N/A | IC 011: Reusable non-paper filter for use in electric coffee brewing machines. |
| 3. | CoffeeTree | U.S. | 86448664 | 11/7/2014 | 1B | N/A | N/A | IC 011: Reusable plastic cartridge containing a filter for use in coffee brewing machines; electric brewing machines for brewing food or beverages for domestic and commercial use.<br><br>IC 021: Food storage containers for domestic and commercial use.<br><br>IC 029: Dairy-based beverage mixes, namely, dairy-based powders for making dairy-based beverages.<br><br>IC 030: Plastic cartridges each containing coffee and a filter, for use in coffee brewing machines; coffee, tea or hot cocoa sold in single-serving containers for use in brewing machines; coffee and tea contained in plastic cartridges having filters, for use in |

15056.1:2744624.4                                    1

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| | | | | | | | | brewing machines. |
| 4. | CONCERTO | U.S. | 86219517 | 3/12/2014 | 1B | N/A | N/A | IC 011:  Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 5. | DA VINCI | Australia | 1646652 | 9/12/2014 | N/A | 1646652 | 2/4/2016 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 6. | DA VINCI | Japan | 2014-077415 | 9/12/2014 | N/A | 5744684 | 2/27/2015 | IC 011 |
| 7. | DA VINCI | U.S. | 86219476 | 3/12/2014 | 1A | 4837545 | 10/20/2015 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 8. | Dial A Brew | U.S. | 86187972 | 2/7/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 9. | DIAL A TEMP | U.S. | 86376358 | 8/25/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 10. | FASTER THAN FAST | U.S. | 86377432 | 8/26/2014 | 1A | 4847326 | 11/3/2015 | IC 011: Electric coffee brewers; electric coffee machines; electric coffee makers; electric coffee percolators; electric coffee |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| | | | | | | | | pots; electric espresso machines; electric tea kettles; electric tea pots. |
| 11. | Flavor Release | U.S. | 85909285 | 4/19/2013 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 12. | HOTTER THAN HOT | U.S. | 86377389 | 8/26/2014 | 1A | 4847324 | 11/3/2015 | IC 011: Electric coffee brewers; electric coffee machines; electric coffee makers; electric coffee percolators; electric coffee pots; electric espresso machines; electric tea kettles; electric tea pots. |
| 13. | iBLEND | U.S. | 86150938 | 12/23/2013 | 1B | N/A | N/A | IC 007: Electric food blenders. |
| 14. | iCafe | EU-CTM | 11507548 | 1/22/2013 | N/A | 11507548 | 6/5/2013 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 15. | iCarafe | China | 15196777 | 8/21/2014 | | | | |
| 16. | iCarafe | Japan | 2014-018870 | 3/12/2014 | | 5691000 | 8/1/2014 | IC 011 |
| 17. | iCarafe | Korea | 40-2014-0017 | 1/9/2015 | | | | |
| 18. | iCarafe | South Africa | 2014/06857 | 3/14/2014 | | | | |
| 19. | iCarafe | U.S. | 86220018 | 3/13/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 20. | iCoffee | U.S. | 86144029 | 12/15/2013 | 1B | N/A | N/A | IC 043: Cafe services; Coffee bars; Coffee |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| | | | | | | | | shops; Tea bars. |
| 21. | iCoffee | Australia | 1533790 | 1/2/2013 | N/A | 1533790 | 7/10/2013 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 22. | iCoffee | Canada | 1607985 | 12/21/2012 | | TMA881 786 | 7/10/2014 | |
| 23. | iCoffee | EU-CTM | 11510369 | 1/23/2013 | N/A | 11510369 | 11/25/2013 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 24. | iCoffee | Hong Kong | 302481868 | 12/28/2012 | N/A | 30248186 8 | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 25. | iCoffee | Taiwan | 101074225 | 12/28/2012 | N/A | 01599046 | 9/16/2013 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 26. | iCoffee | U.S. | 86144029 | 12/15/2013 | 1B | N/A | N/A | IC 043: Cafe services; Coffee bars; Coffee shops; Tea bars. |
| 27. | iCoffee (Design) | U.S. | 85829070 | 1/22/2013 | 1A | 4502981 | 3/25/2014 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 28. | iCup | Australia | 1611200 | 3/13/2014 | | | | |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| 29. | iCup | China | G1077698 | 12/15/2010 | | | | IC 011 |
| 30. | iCup | Korea | 40-2014-0017 | 1/9/2015 | | | | |
| 31. | iCup | South Africa | 2014/06858 | 3/14/2014 | | | | |
| 32. | iCup | U.S. | 85400330 | 8/17/2011 | 1A | 4538158 | 5/27/2014 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots. |
| 33. | i (Design) | Canada | 1617491 | 3/8/2013 | | | | |
| 34. | i (Design) | U.S. | 85870446 | 3/7/2013 | 1A | 4539582 | 5/27/2014 | IC 007: Electric coffee grinders; Electric food blenders; Electric food grinders; Electric food processors; Electric juicers. |
| 35. | i (Design) | U.S. | 85981049 | 3/7/2013 | 1A | 4512710 | 4/8/2014 | IC 011: Barbecues and grills; Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric grills; Electric panini grills; Electric sandwich toasters; Electric tea kettles; Electric tea pots; Electric toaster ovens; Electric toasters; Multi-purpose, electric countertop food preparation apparatus for cooking, baking, broiling, roasting, toasting, searing, browning, barbecuing and grilling food. |
| 36. | IMPOSSIBLY SMOOTH | U.S. | 86223767 | 3/17/2014 | 1A | 4973645 | 6/7/2016 | IC 011: Electric coffee brewers; electric coffee machines; electric coffee makers. |
| 37. | iJuice | U.S. | 85867550 | 3/5/2013 | 1B | N/A | N/A | IC 007: Electric food blenders; Electric food processors; Electric juicers. |
| 38. | iJuice | Canada | 1617491 | 3/8/2013 | Proposed Use | N/A | N/A | Electric food blenders; Electric food processors; Electric juicers. |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| 39. | iLatte | U.S. | 85879433 | 3/18/2013 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 40. | iPanini | U.S. | 85948818 | 6/3/2013 | 1B | N/A | N/A | IC 011: Electric panini grills; Electric panini makers. |
| 41. | iToast | U.S. | 85909265 | 4/19/2013 | 1B | N/A | N/A | IC 011: Electric grills; Electric indoor grills; Electric panini grills; Electric sandwich toasters; Electric toaster ovens; Electric toasters. |
| 42. | iToast | U.S. | 77319792 | 11/2/2007 | 44E | 3549082 | 12/23/2008 | IC 011: Kitchen cooking apparatus, namely, electric toasters and grillers. |
| 43. | JetBrew | U.S. | 85652430 | 6/14/2012 | 1B | 4867352 | 12/8/2015 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 44. | LIFESTYLE SERIES | U.S. | 86222158 | 3/14/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 45. | MAESTRO | U.S. | 86254400 | 4/16/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 46. | MinuteBrew | U.S. | 86144028 | 12/15/2013 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | pots; Electric espresso machines; Electric tea kettles; Electric tea pot. |
| 47. | MOZART | Canada | 1693547 | 9/12/2014 | | | | |
| 48. | MOZART | Japan | 2014-077416 | 9/12/2014 | | 5744685 | 2/27/2015 | |
| 49. | MOZART | Korea | 40-2014-0061 | 9/2/2015 | | | | |
| 50. | MOZART | U.S. | 86667085 | 6/18/2015 | 1A | 4985118 | 6/21/16 | IC 007: Beverage processing machines. |
| 51. | OPUS | EU-CTM | 13250766 | 9/12/2014 | | 13250766 | 1/21/2015 | |
| 52. | OPUS | Japan | 2014-077418 | 9/12/2014 | | 5744687 | 2/27/2015 | |
| 53. | PICASSO | Australia | 1646663 | 3/27/2015 | | | | |
| 54. | PICASSO | EU-CTM | 13250717 | 9/12/2014 | | 13250717 | 1/21/2015 | |
| 55. | PICASSO | Japan | 2014-077418 | 2/27/2015 | | | | |
| 56. | ROTATIONAL BREWING | U.S. | 86667102 | 6/18/2015 | 1B | N/A | N/A | IC 007: Beverage processing machines.<br><br>IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots.<br><br>IC 032: Soft drinks. |
| 57. | Smokehouse Grill | U.S. | 86624144 | 5/8/2015 | 1B | N/A | N/A | IC 011: Barbecue grills; Barbecues and grills; Charcoal grills; Electric grills; Electric indoor grills; Electric outdoor grills; Electric panini grills; Folding portable charcoal, propane and gas fired barbecues, stoves, and grills; Gas grills. |
| 58. | SMOOTHER | U.S. | 86377415 | 8/26/2014 | 1A | 4847325 | 11/3/2015 | IC 011: Electric coffee brewers; electric |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|-----------|-------------|--------------------|
| | THAN SMOOTH | | | | | | | coffee machines; electric coffee makers; electric coffee percolators; electric coffee pots; electric espresso machines; electric tea kettles; electric tea pots. |
| 59. | SONICBREW | U.S. | 86826630 | 11/19/15 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots |
| 60. | SpinBrew | U.S. | 86390071 | 9/9/2014 | 1A | 4915457 | 3/8/2016 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 61. | Steam Brew | U.S. | 85584778 | 3/30/2012 | 1A | 4448475 | 12/10/2013 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 62. | STEAM INFUSED | U.S. | 85880341 | 3/19/2013 | 1A | 4496429 | 3/11/2014 | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 63. | SYMPHONY | EU-CTM | 13250816 | 9/12/2014 | | 13250816 | 1/21/2015 | |
| 64. | SYMPHONY | Japan | 2014-077419 | 9/12/2014 | | 5744688 | 2/27/2015 | |
| 65. | SYMPHONY | Korea | 40-2014-0017 | 1/9/2015 | | | | |
| 66. | SYMPHONY | U.S. | 86219541 | 3/12/14 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; |

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 67. | Taste \| Innovation \| Technology | U.S. | 86377227 | 8/26/2014 | 1A | 4847322 | 11/3/2015 | IC 011: Electric coffee brewers; electric coffee machines; electric coffee makers; electric coffee percolators; electric coffee pots; electric espresso machines; electric tea kettles; electric tea pots. |
| 68. | The Greatest Thing Since Sliced Bread | U.S. | 85909258 | 4/19/2013 | 1B | N/A | N/A | IC 011: Electric grills; Electric indoor grills; Electric panini grills; Electric sandwich toasters; Electric toaster ovens; Electric toasters. |
| 69. | V (Design) | U.S. | 86190238 | 2/11/2014 | 1B | N/A | N/A | IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines; Electric tea kettles; Electric tea pots. |
| 70. | WAKE UP AND SMELL THE ICOFFEE | U.S. | 86725854 | 8/14/2015 | 1B | N/A | N/A | IC 009: Software for mobile phones for controlling household and kitchen appliances; software related to coffee, namely, for controlling and initiating a coffee machine; software for mobile phones related to coffee, namely, for controlling and initiating a coffee machine; software related to the functioning of appliances, namely, for controlling household and kitchen appliances; software related to the functioning of coffee machines, namely, for controlling and initiating a coffee machine; software for initiating a coffee machine; downloadable software for controlling |

15056.1:2744624.4

9

| # | Mark | Country | Serial No. | Filing Date | Current Basis | Regis. No. | Regis. Date | Goods and Services |
|---|------|---------|-----------|-------------|---------------|------------|-------------|--------------------|
| | | | | | | | | household and kitchen appliances; phone apps related to coffee, namely, for controlling and initiating a coffee machine; phone apps related to the functioning of appliances, namely, for controlling household and kitchen appliances; phone apps related to the functioning of coffee machines, namely, for controlling and initiating a coffee machine.<br><br>IC 011: Electric coffee brewers; Electric coffee machines; Electric coffee makers; Electric coffee percolators; Electric coffee pots; Electric espresso machines |

# EXHIBIT B

**EXHIBIT A**

Domestic Patents

| Patent | Registration / Application Number | Filing Date |
|---|---|---|
| Coffee Brewer | Utility: Non-Provisional 10/845,742 (U.S. Pat. No. 6,968,775) | 5/14/2004 |
| Coffee Brewer | Utility: Non-Provisional 11/247,564 | 10/10/2005 |
| Coffee Brewer | Utility: Non-Provisional 11/265,438 (U.S. Pat. No. 7,340,991) | 11/1/2005 |
| Coffee Brewer | Design 29/432,014 | 1/7/2014 |
| Coffee Brewer Head | Design 29/432,015 | 1/7/2014 |
| Coffee Brewer | Utility: Non-Provisional 14/181,448 (U.S. Pat. No. RE45,476) | 2/14/2014 |
| Coffee Brewer | Design 29/484,898 (Des. Pat. No. D731972) | 3/13/2014 |
| Coffee Brewer | Design 29/484,895 (Des. Pat. No. D735516) | 3/13/2014 |

| | | |
|---|---|---|
| Coffee Brewer | Design 29/484,897<br>(Des. Pat. No. D735517) | 3/13/2014 |
| Coffee Brewer | Design 29/494,352<br>(Des. Pat. No. D742680) | 6/19/2014 |
| Coffee Brewer | Design 29/502,635<br>(Des. Pat. No. D756697) | 9/18/2014 |
| Coffee Brewer Apparatuses and Methods for Brewing Beverages | Utility: Non-Provisional 14/399,474 | 11/6/2014 |
| Reusable Coffee Pod | Design 29/508,976 | 11/12/2014 |
| Reusable Coffee Pod | Design 29/514,906 | 1/16/2015 |
| Toaster | Design 29/480,528 | 1/27/2015 |
| Moving Inlet Nozzles In Beverage Systems | Utility: Non-Provisional 14/810,429 | 7/27/2015 |
| Apparatuses and Methods for Solute Extraction | Utility: Non-Provisional in 14/810,445 | 7/27/2015 |
| Processor Control Of Solute Extraction System | Utility: Non-provisional 14/810,448<br>(U.S. Pat. No. 9,307,860) | 7/27/2015 |
| Devices and Methods for Beverage Pressure Regulation | Utility: Provisional 62/199,941 | 7/31/2015 |

| | | |
|---|---|---|
| Multifunction Pump Motor | Utility: Provisional 62/206,722 | 8/18/2015 |
| Machine For Espresso/Coffee From Common Cartridge | Utility: Provisional 62/206,747 | 8/18/2015 |
| Multimode Fluid Delivery | Utility: Provisional 62/206,799 | 8/18/2015 |
| Apparatus And Method For Making Crema amd Multiple Fluid | Utility: Provisional 62/215,710 | 9/8/2015 |
| Apparatus And Method For Making Crema amd Multiple Fluid | Utility: Provisional 62/238,678 | 10/7/2015 |
| Apparatus And Method For Making Crema amd Multiple Fluid | Utility: Provisional 62/238,328 | 11/20/2015 |
| Beverage Brewer | Design 29/551,814 | 1/17/2016 |
| Apparatus And Method For Making Crema amd Multiple Fluid | Utility: Provisional 62/292,345 | 2/7/2016 |
| Processor Control Of Solute Extraction System | Utility:  Continuation 15/056,131 | 2/29/2016 |
| Apparatus And Method For Making Crema amd Multiple Fluid | Utility: Provisional 62/292,345 | 3/2/2016 |
| Multiple Fluid Beverage Maker | Utility: Provisional 62/308,002 | 3/14/2016 |

| | | |
|---|---|---|
| CoffeeBrewing System and Method Of Using The Same | Utility: Provisional 15/076,144 | 3/21/2016 |
| Gravity-Assisted Controlled Fluid Flow Beverage Maker | Utility: Provisional 62/314,279 | 3/28/2016 |
| Beverage Brewing Systems and Methods for Using the Same | Utility: Non-Provisional 15/174,290 | 6/6/2016 |
| Beverage Making Machines and Methods | Utility: Provisional 62/346,463 | 6/6/2016 |
| Beverage Making Machines and Methods | Utility: Provisional 62/351,901 | 6/17/2016 |
| Beverage Maker | Utility: Provisional 62/352,365 | 6/20/2016 |
| Devices and Methods for Beverage Brewer Pressure Regulation | Utility: Non-Provisional 15/222,724 | 7/28/2016 |
| Beverage Brewer and Related Methods for Brewing Beverages | Utility: Non-Provisional 15/118,473 | 8/11/2016 |
| Beverage Maker | Utility: Provisional 62/372,981 | 8/22/2016 |
| Multiple Fluid Beverage Maker | Utility: Provisional 62/372,991 | 8/22/2016 |

**EXHIBIT B**
**FOREIGN PATENTS**

(see attached)

# EXHIBIT C

**EXHIBIT B**

Foreign Patents

All present and future registered and unregistered patents, including but not limited to the following:

| Patent | Registration / Application Number | Date |
|---|---|---|
| Coffee Brewer - Australia | 2006308554 | 7/12/2012 |
| Coffee Brewer - Canada | 2627055 | 5/27/2014 |
| Coffee Brewer - China | ZL200680040493.5 | 1/30/2013 |
| Coffee Brewer - European | 6839516.9 | 8/10/2011 |
| Coffee Brewer - Japan | 5154429 | 12/14/2012 |
| Coffee Brewer - Canada | 150190 | 4/30/2014 |
| Coffee Brewer - European | 002201467-0001 | 12/3/2013 |
| Coffee Brewer Head - Australia | 348743 | 5/24/2013 |
| Coffee Brewer Head - Canada | 150191 | 4/30/2014 |
| Coffee Brewer Head - European | 2201467.002 | 12/3/2013 |
| Coffee Brewer Head - Japan | 1493649 | 2/28/2014 |
| Coffee Brewer Apparatuses and Method for Brewing Beverages - European | 13787299.01656 | 5/6/2013 |
| Toaster - Canada | 157869 | 2/26/2015 |
| Coffee Brewer - Canada | 158530 | 4/22/2015 |
| Coffee Brewer - Australia | 14612/2014 | 9/30/2014 |
| Coffee Brewer - Canada | 158626 | 9/24/2015 |
| Coffee Brewer - China | ZL201430337086.8 | 7/29/2015 |
| Coffee Brewer - Japan | 2014-020394 | 5/1/2015 |
| Coffee Brewer - Korea | 30-2014-0044319 | 8/11/2015 |
| Coffee Brewer - Australia | 14611/2014 | 9/30/2014 |
| Coffee Brewer - Canada | 158627 | 9/24/2015 |
| Coffee Brewer - China | 201430337137.7 | 4/8/2015 |
| Coffee Brewer - Japan | 2014-020395 | 5/1/2015 |
| Coffee Brewer - Korea | 30-2014-0044318 | 8/11/2015 |
| Coffee Brewer - Canada | 160902 | 9/24/2015 |
| Coffee Brewer - European | 00262747-0001 | 2/5/2015 |

| | | |
|---|---|---|
| Beverage Brewer - Canada | 169489 | 7/14/2016 |
| Beverage Brewer - European | 3308030 | 7/15/2016 |
| Methods for Brewing Beverages - International and National Stage Filings | PCT/US12/15971 | 2/13/2015 |
| Beverage Brewing Systems And Methods For Using The Same - International Filing | PCT/US15/25013 | 4/8/2015 |
| Moving Inlets Nozzles in Beverage Systems - International Filing | PCT/US15/45146 | 8/13/2015 |
| Beverage Brewing Systems And Methods For Using The Same - International Filing | PCT/US15/54312 | 10/6/2015 |
| Methods For Beverage Brewer Pressure Regulation - International Filing | PCT/US16/16884 | 2/5/2016 |
| Devices and Methods for Beverage Brewer Pressure Regulation - International Filing | PCT/US16/44576 | 7/28/2016 |
| Beverage Maker - International Filing | PCT/US16/47356 | 8/17/2016 |

# EXHIBIT D











