**Kathleen C. Bricken, Esq. (State Bar #262835)**
Email:  kbricken@gsblaw.com
**GARVEY SCHUBERT BARER**
Eleventh Floor
121 SW Morrison Street
Portland, Oregon  97204-3141
Telephone:(503) 228-3939
Facsimile: (503) 226-0259

*Attorneys for Plaintiff Uni-Splendor Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI-SPLENDOR CORP., a Taiwanese company,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON DESIGNS, LLC, a California limited liability company,<br><br>Defendant. | Case No. 2:16-cv-9316 PA (SSx)<br><br>**PLAINTIFF UNI-SPLENDOR CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS** |

Plaintiff and counterdefendant Uni-Splendor Corp. ("Uni-Splendor") answers Defendant Remington Designs, LLC's ("Remington") counterclaims in its Answer and Counterclaims to First Amended Complaint ("Answer") as follows:

1.      Answering paragraph 31 of Remington's counterclaims, the allegations are not directed at Uni-Splendor and, therefore, require no response from Uni-Splendor.

2.      Answering paragraph 32, admits the allegations except that it denies, for lack of information and belief, the allegations that the amount in controversy exceeds $75,000.

3.      Answering paragraph 33, admits the Court has subject matter

- 1 -

jurisdiction.

4.      Answering paragraph 34, admits the Court has personal jurisdiction over Uni-Splendor for this action, but denies Uni-Splendor engaged in any wrongful conduct in this District.

5.      Answering paragraph 35, admits venue is proper, but denies any events by Uni-Splendor in this District gave rise to Remington's claims.

6.      Answering paragraph 36, denies the allegations for lack of information and belief. The allegations are also not directed at Uni-Splendor and, therefore, require no response from Uni-Splendor.

7.      Answering paragraph 37, denies the allegations for lack of information and belief. The allegations are also not directed at Uni-Splendor and, therefore, require no response from Uni-Splendor.

8.      Answering paragraph 38, denies the allegations for lack of information and belief. The allegations are also not directed at Uni-Splendor and, therefore, require no response from Uni-Splendor.

9.      Answering paragraph 39, admits that Remington asked Uni-Splendor to manufacture and supply iCoffee-Brand goods, that Remington determined the number of goods to order, and that Remington ordered approximately 739,000 units of specially manufactured iCoffee-Brand goods, for which Remington failed to pay amounts in excess of $21 million to Uni-Splendor. Except as expressly admitted, the allegations are denied for lack of information and belief.

10.      Answering paragraph 40, Uni-Splendor admits it was authorized to manufacture i-Coffee-Brand goods and denies the remaining allegations for lack of information and belief.

11.      Answering paragraph 41, Uni-Splendor alleges that Remington gave approvals relating to the vendor for the pumps and denies the remaining allegations for lack of information and belief.

- 2 -

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
COUNTERCLAIMS

12.     Answering paragraph 42, denies the allegations for lack of information and belief.

13.     Answering paragraph 43, denies the allegations for lack of information and belief.

14.     Answering paragraph 44, admits it attempted to address Remington's complaints despite Remington's refusal or inability to provide meaningful information and supporting data and despite Remington's continued failure to pay substantial amounts of money owed to Uni-Splendor for the goods.

15.     Answering paragraph 45, admits that Remington entered into agreements and/or discussed agreements to make payments that were overdue and nonetheless failed to make payments. Except as expressly admitted, Uni-Splendor denies the allegations and the characterization.

16.     Answering paragraph 46, admits that Remington fell behind in paying millions of dollars it owed to Uni-Splendor and that Remington failed to pay storage fees for goods and parts that Remington specially ordered, requiring Uni-Splendor to dispose of such goods and parts. Except as expressly admitted, Uni-Splendor denies the allegations.

## FIRST CAUSE OF ACTION

17.     Answering paragraph 47, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 of Remington's Answer.

18.     Answering paragraph 48, the allegations are not directed at Uni-Splendor and, therefore, require no response from Uni-Splendor.

19.     Answering paragraphs 49 to 53, denies the allegations.

## SECOND CAUSE OF ACTION

20.     Answering paragraph 54, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 of Remington's Answer.

21.     Answering paragraphs 55 to 57, denies the allegations.

- 3 -

PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO
COUNTERCLAIMS

**THIRD CAUSE OF ACTION**

22.  Answering paragraph 58, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 of Remington's Answer.

23.  Answering paragraph 59, denies the allegations for lack of information and belief.

24.  Answering paragraphs 60 to 66, denies the allegations.

**FOURTH CAUSE OF ACTION**

25.  Answering paragraph 67, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 and 59 to 66 of Remington's Answer.

26.  Answering paragraphs 68 to 74, denies the allegations.

**FIFTH CAUSE OF ACTION**

27.  Answering paragraph 75, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 and 59 to 66 of Remington's Answer.

28.  Answering paragraphs 76 to 83, denies the allegations.

**SIXTH CAUSE OF ACTION**

29.  Answering paragraph 84, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 and 59 to 66 of Remington's Answer.

30.  Answering paragraphs 85 to 90, denies the allegations.

**SEVENTH CAUSE OF ACTION**

31.  Answering paragraph 91, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 and 59 to 66 of Remington's Answer.

32.  Answering paragraphs 92 to 94, denies the allegations.

**EIGTH CAUSE OF ACTION**

33.  Answering paragraph 95, Uni-Splendor re-alleges its answer to paragraphs 31 to 46 of Remington's Answer.

34.  Answering paragraphs 96 to 100, denies the allegations for lack of information and belief that Remington is the holder of the patents identified or that

- 4 -

such patents are incorporated into each iCoffee-Brand good. As to the remaining allegations, Uni-Splendor denies them.

35.    Except as expressly admitted, Uni-Splendor denies each and every allegation of Remington's counterclaims and alleges the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

36.    Remington fails to adequately allege any claim for relief.

## SECOND AFFIRMATIVE DEFENSE

37.    Remington's claims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRD AFFIRMATIVE DEFENSE

38.    Remington's claims are barred, in whole or in part, by the statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

39.    Remington has failed to mitigate its claimed damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

40.    Remington is estopped from asserting its claims.

## SIXTH AFFIRMATIVE DEFENSE

41.    Expressly denying and without admitting that Uni-Splendor sold goods that infringed Remington's rights, Remington had acquiesced to any such sales.

## SEVENTH AFFIRMATIVE DEFENSE

42.    Expressly denying and without admitting that Uni-Splendor sold goods that infringed Remington's marks, nominative fair use bars any recovery by Remington because Remington alleges that Uni-Splendor sold genuine iCoffee-Brand goods.

## EIGHTH AFFIRMATIVE DEFENSE

43.    Remington's claims fail due to non-infringement.

- 5 -

1

## ADDITIONAL AFFIRMATIVE DEFENSES

2        44.    Uni-Splendor reserves its right to assert additional affirmative defenses

3   to all of Remington's claims and expressly reserves its right to assert defenses and

4   counterclaims to Remington's patent infringement claim. Remington has

5   represented that its intellectual property claims are limited presently to whether or

6   not Uni-Splendor sold iCoffee-Brand goods to third parties. Moreover,

7   Remington's claim for patent infringement fails to state a claim upon which relief

8   may be granted because, among other things, Remington fails to meet the standard

9   for pleading set by the Supreme Court in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009)

10   and <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007). Specifically, and by

11   way of example only, Remington alleges generally that Uni-Splendor infringed

12   "one or more claims of (Remington's) patents" (Answer ¶ 96) without identifying

13   which claims in which patents are allegedly infringed. As such, it is impossible for

14   Uni-Splendor to assess and assert valid defenses and claims to Remington's patent

15   claim at this time.

16        WHEREFORE, Uni-Splendor prayers for judgment in its favor, including all

17   attorney fees, costs and other relief deemed just, and dismissing all of Remington's

18   counterclaims with prejudice and without recovery of any kind to Remington.

19   Dated: March 14, 2017          Respectfully submitted,

20

21                          GARVEY SCHUBERT BARER

22                          By:   */s/ Kathleen C. Bricken*

23                          Kathleen C. Bricken, State Bar No. 262835
                       kbricken@gsblaw.com

24                          GARVEY SCHUBERT BARER
                       121 SW Morrison Street, 11th Floor

25                          Portland, Oregon  97204-3141

26                          Telephone:  (503) 228-3939
                       Facsimile:   (503) 226-0259

27   <span style="font-size:small">GSB:8497596.1 [60095.00100]</span>        *Attorneys for Plaintiff Uni-Splendor Corp.*

                       - 6 -

28