Kathleen C. Bricken (State Bar No. 262835)
Patrick J. Conti (State Bar No. 271046)
GARVEY SCHUBERT BARER
Eleventh Floor
121 SW Morrison Street
Portland, Oregon 97204-3141
Telephone:(503) 228-3939
Facsimile: (503) 226-0259
Email: kbricken@gsblaw.com
Email: pconti@gsblaw.com

John D. van Loben Sels, Esq. (SBN 201354)
jvanlobensels@fishiplaw.com
Jennifer J. Shih (SBN 276225)
jshih@fishiplaw.com
Fish & Tsang LLP
333 Twin Dolphin Drive, Suite 220
Redwood City, California 94065
Telephone:  650-517-9800
Facsimile:   650-517-9898

Attorneys for Plaintiff
*Uni-Splendor Corp.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI-SPLENDOR CORP., a Taiwanese company,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON DESIGNS, LLC, a California limited liability company<br><br>Defendants.<br><hr>REMINGTON DESIGNS, LLC, a California limited liability company<br><br>Counterclaimant,<br><br>v.<br><br>UNI-SPLENDOR CORP., a Taiwanese company, | Case No. 2:16-cv-9316 PA (SSx)<br><br>**UNI-SPLENDOR CORP.'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS UNDER RULE 12 (c)**<br><br>**Date:** July 17, 2017<br>**Time:** 1:30 p.m.<br>**Courtroom:** 9A<br>Complaint filed: 12/16/16 |

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................. 1

II.    STATEMENT OF FACTS ...................................................... 2

    A.   Asserted Patents ......................................................... 3

    B.   Accused Products ........................................................ 3

    C.   Asserted Trademarks ................................................... 3

III.   ARGUMENT ...................................................................... 3

    A.   Legal Standard ........................................................... 3

    B.   Remington Fails To State A Claim For Patent Infringement ................. 5

    C.   Remington Fails to State a Claim For Trademark Infringement under 15 U.S.C. §1114 ........................................................... 7

    D.   Remington Fails to State Claims For Trademark Infringement Under 15 U.S.C. §1125 ........................................................... 8

    E.   Remington Fails to State Claims For Trade Dress Infringement Under 15 U.S.C. §1125 ......................................................... 10

    F.   Remington Fails to State a Claim for Common Law Trademark Infringement And Unfair Competition ................................. 11

        i.   Remington's unfair competition claim fails .................................. 11

        ii.  Remington's common law trademark claim fails ........................... 12

    G.   The Complaint Should Be Dismissed Because There Is An Implied License ................................................................. 13

    H.   Leave To Amend Should Not Be Granted ................................ 14

IV.    CONCLUSION ................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*AMF Inc. v. Sleekcraft Boats,*
   599 F. 2d 341 (9th Cir. 1979)................................................................9

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009) ........................................................................5

*Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles,*
   648 F.3d 986 (9th Cir. 2011) ............................................................5

*Balistreri v. Pacifica Police Dep't,*
   901 F. 2d 696 (9th Cir. 1990)..........................................................4

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007) ........................................................................5

*Bender v. LG Elec.,*
   No. C 09-02114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010)............6

*Bristol-Meyers Squibb Co. v. McNeil-P.P.C., Inc.,*
   973 F.2d 1033 (1992) ....................................................................10

*Brookfield Commc'ns v. West Coast Entertainment Corp.,*
   174 F. 3d 1036 (9th Cir. 1999)........................................................13

*Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999)....................................................................12

*Classic Foods Intern. Corp. v. Kettle Foods, Inc.,*
   2006 WL 5187497 (C.D. Cal. 2006)..................................................9

*Darkins v. Snowden,*
   2013 U.S. Dist. LEXIS 145021 (C.D. Cal. Aug. 15, 2013)................14

*DeSoto v. Yellow Freight Sys., Inc.,*
   957 F. 2d 655 (9th Cir. 1992)..........................................................14

*Disc Golf Assn'n, Inc. v. Champion Discs, Inc.,*
   158 F. 3d 1002 (9th Cir. 1998)........................................................11

TABLE OF AUTHORITIES

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir.2014) ........................................................5
*Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*,
   132 F.3d 526 (9th Cir. 1997) ........................................................4
*FootBalance System Inc. v. Zero Gravity Inside, Inc.*
   2016 WL 903681 (S.D. Cal. Feb. 8, 2016) ........................................5
*Ford Motor Co. v. Ultra Coachbuilders Inc.*,
   2000 WL 33256536 (C.D. Cal. July 11, 2000) ..................................7
*Harris v. County of Orange*,
   682 F.3d 1126 (9th Cir. 2012) ......................................................4
*Ileto v. Glock, Inc.*,
   349 F. 3d 1191 (9th Cir. 2003) ....................................................5
*Image Online Design, Inc. v. Internet Corp. for Assigned Names and Numbers*,
   2013 WL 489899 (C.D. Cal. Feb. 7, 2013) ........................................8
*Int'l Jensen, Inc. v. Metrosound U.S. A., Inc.*,
   4 F. 3d 819 (9th Cir. 1993) ........................................................10
*Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*,
   150 F. 3d 1042 (9th Cir. 1998) ....................................................8
*Linear Tech. Corp. v. Applied Materials, Inc.*,
   152 Cal. App. 4th 115 (2007) ......................................................12
*Matrix Essential, Inc. v. Emporium Drug Mart, Inc.*,
   756 F. Supp. 280 (1991) ............................................................8
*Met-Coil Systems Corp. v. Korners Unlimited, Inc.*,
   803 F. 2d 684 (Fed. Cir. 1986) ....................................................13
*Monte Carlo Shirt, Inc. v. Daewoo Intern. Corp.*,
   707 F. 2d 1054 (9th Cir. 1983) ......................................................9
*Navarro v. Block*,
   250 F. 3d 729 (9th Cir. 2001) ......................................................4

iii

TABLE OF AUTHORITIES

*Nuvo Research Inc. v. McGrath,*
   2012 WL 1965870 (N.D. Cal. May 31, 2012) ....................................12

*Quality Semiconductor, Inc. v. Ologic Corp.,*
   1994 WL 409483 (N.D. Cal. 1994)......................................................7

*Rearden LLC v. Rearden Commerce, Inc.,*
   683 F. 3d 1190 (9th Cir. 2012)............................................................8

*Sacramento E.D.M., Inc., v. Hynes Aviation Industries, Inc.,*
   965 F. Supp. 2d 1141 (2013)..............................................................12

*Sally Beauty Co. v. Beautyco, Inc.,*
   304 F.3d 964 (10th Cir. 2002) ...........................................................10

*Secular Organizations for Sobriety, Inc. v. Ullrich,*
    213 F. 3d 1125, 2000 WL 675113, at *4 (9th Cir. 2000) ...................7

*Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.,*
   957 F. Supp. 3d 1189 (S.D. Cal. 2013) ...............................................6

*Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC,*
   733 F.3d 1251 (9th Cir. 2013)..............................................................5

*Shaw v. Hahn,*
   56 F. 3d 1128, 1129 n. 1 (9th Cir. 1995).............................................9

*Shwarz v. United States,*
    234 F. 3d 428 (9th Cir. 2000).............................................................9

*Sleep Science Partners v. Lieberman,*
   2010 WL 188170  (N.D. Cal. May 10, 2010) .....................................10

*Starr v. Baca,*
   652 F. 3d 1202 (9th Cir. 2011)............................................................4

*Sun Microsystems, Inc. v. Versata Enterprises, Inc.,*
   630 F. Supp. 2d 395 (D. Del. 2009)...................................................14

*Toho Co. v. Sears, Roebuck & Co.,*
   645 F. 2d 788 (9th Cir. 1981).............................................................13

TABLE OF AUTHORITIES

*Webkinz Antitrust Litig.*,
  695 F. Supp. 2d 987 (N.D. Cal. 2010) ..................................................................12

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
  2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) ........................................................6

*Wood v. Apodaca*,
  375 F. Supp. 2d 942 (N.D. Cal. 2005) ..................................................................12


**STATUTES**

15 U.S.C. §1114................................................................................ 1, 7, 8, 10

15 U.S.C. §1125.................................................................................... 1, 8, 12

35 U.S.C. §271..................................................................................... 1, 6, 13

35 U.S.C. §271 (c) ........................................................................................6

Fed. R. Civ. P. 8(a)(2)...................................................................................4

Fed. R. Civ. P. 12(c)............................................................................... 3, 4, 5

Fed. R. Civ. P. 12(b)......................................................................................4

Fed. R. Civ. P. 12(b)(1)..................................................................................2

Fed. R. Civ. P. 12(b)(6).......................................................................... passim

Fed. R. Civ. P. 12(h)(2)..................................................................................3

Fed. R. Civ. P. 12(h)(2)(B).............................................................................4

California Business and Professions Code §§17200 ...................................... 11, 12


**OTHER AUTHORITIES**

5C Wright & Miller, Federal Practice and Procedure §1368(2016).........................4

I.     **INTRODUCTION**

Remington's Counterclaim, ECF No. 14, fails to meet the basic requirements for pleading claims of patent, trademark, trade dress infringement, and unfair competition.  Remington's Counterclaim includes a total of eight causes of action. ECF No. 14.  This motion to dismiss relates to the following causes of action: eighth cause of action for patent infringement; third cause of action for trademark infringement under 15 U.S.C. §1114; fourth cause of action for trademark infringement under 15 U.S.C. §1125; sixth cause of action for trade dress infringement under 15 U.S.C. §1125; seventh cause of action under common law trademark infringement and unfair competition.

Specifically, Remington fails to identify the asserted patents and trademarks at issue.  Remington does not identify which of the forty (40) domestic patents and thirty-five (35) foreign patents, Uni-Splendor allegedly infringes, nor does Remington tie its patent allegations to specific accused products as the law requires.  Remington's patent claim fails to provide Uni-Splendor with notice of which subsection(s) of 35 U.S.C. §271 it allegedly infringes or how.  Remington's counterclaims also fail to identify which of the seventy (70) registered and unregistered trademarks Uni-Splendor is alleged to infringe or how.

Similarly, Remington cannot cure its trademark infringement claims because Remington not only fails to identify the asserted marks, many of which are not even registered—a prerequisite to such a claim.  In addition, the Remington trademark infringement counterclaim fails because there can be no consumer confusion if Remington has not begun to use its marks, and there is no allegation that it has done so.  Similarly, Remington's trade dress claim fails because Remington has not properly articulated its claimed trade dress and the trade dress by nature is functional.  Lastly, Remington's unfair competition claim fails because Remington fails to identify any of the unfair competition prongs underlying its

1

1  claim. In sum, Uni-Splendor is without notice to properly prepare for its defense

2  and the Remington counterclaims must be dismissed.

3      Dismissal is also warranted under Rule 12(b)(1) because even taking all of

4  Remington's material allegations as true, there is no substantial case or

5  controversy.  This is so because the Remington Counterclaim is based on the

6  contention that Uni-Splendor made sales of products that infringe on Remington's

7  patents.  Even if Remington were able to cure the deficiencies with its patent

8  infringement allegations—and it cannot—the record is plain that Uni-Splendor

9  manufactured the accused products pursuant to purchase orders from Remington.

10  As such the law implies a license for Uni-Splendor to do so with respect to

11  Remington's patents.  So Remington cannot now claim patent infringement for

12  goods that it specifically ordered Uni-Splendor to manufacture and sell.

13      Furthermore, no amendment is possible for Remington to cure the

14  deficiencies identified with its claims, so the Court's dismissal must be made with

15  prejudice.

16  II.    **STATEMENT OF FACTS**

17      In 2014, Remington engaged Uni-Splendor to manufacture and supply

18  iCoffee-Brand goods to Remington.  Counterclaim ¶39.  Under the parties'

19  relationship, Remington would determine how many iCoffee-Brand goods it

20  thought it could sell, and would issue purchase orders to Uni-Splendor to

21  manufacture those goods.  *Id*.  Uni-Splendor would manufacture the iCoffee-Brand

22  good, package them in Remington packaging, and ship them to Remington. *Id*.

23  Remington would then ship the goods to its customers.  *Id*.  Around 2016, the

24  business relationship between Remington and Uni-Splendor ended.  Counterclaim

25  ¶45.  Uni-Splendor notified Remington it would dispose of the unshipped goods.

26  *See* Counterclaim ¶46.

27  ///

28  ///

2

## A. Asserted Patents

Remington does not even identify the Asserted Patents and leaves it to Uni-Splendor to figure out.  Remington broadly states that "[o]ne or more of such patents is incorporated into each of the iCoffee-Brand goods."  Counterclaim ¶96.  However forty (40) domestic patents and thirty-five (35) foreign patents are included as exhibits to its Counterclaim.  Exhibit B, ECF No. 14.1

## B. Accused Products

Like Remington's failure to specify the patents-at-issue, Remington fails to identify the Accused Products.[2]  Remington's own confusion prohibits Uni-Splendor from properly forming a defense.

## C. Asserted Trademarks

Remington alleges that the asserted trademarks include registered and unregistered/abandoned trademarks, which includes a total of seventy (70) marks.  It is not clear which are the alleged Marks that are infringing as Remington alleges it may include "iCoffee" and "DaVinci".  Counterclaim ¶60.  Notably, several marks are abandoned or have been filed with an intent to use with several requests for extensions to file a statement of use.

III.   **ARGUMENT**

A. **Legal Standard**

---

[1] Based on its amended infringement contentions (which are not considered as part of the complaint), Uni-Splendor can only posit that the Asserted Patents are U.S. Patents Nos. U.S.9, 307,860 ("the '860 Patent") entitled "Processor Control of Solute Extraction System" and U.S. D735, 516 entitled "Coffee Brewer."  ECF No. 29.  Uni-Splendor believes the infringement contentions do not meet the requirement for such contentions and plans to bring a motion to strike.

[2] Remington's amended disclosure of asserted claims and infringement contentions fail to identify the accused products.  ECF No. 29.  Remington alleges that the accused instrumentality is the Remington icoffee Express ("Express").  *Id.*  This does not put Uni-Splendor on notice because the Remington icoffee Express is Remington's own product.

3

Rule 12(h)(2) permits the court to consider a failure to state a claim upon which relief can be granted within a Rule 12(c) motion for judgment on the pleadings.  FED. R. CIV. P. 12(h)(2)(B).  Because of this, the court may treat a Rule 12(b)(6) motion as if it had been submitted under Rule 12(c).  *Id.* Where a motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is used to dismiss an action for failure to state a claim, it is "functionally equivalent" to a motion to dismiss under Rule 12(b)(6), and the same legal standard applies to both motions.  *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997) (internal quotation marks and citation omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).[3] To satisfy the minimal pleading requirements, Plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must be dismissed when a plaintiff's allegations fail "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F. 2d 696, 699 (9th Cir. 1990).  In the Ninth Circuit, to be entitled to the presumption of truth, a complaint "must contain sufficient allegations of underlying facts to give fair

---

[3] Courts have not found untimely Rule 12(b)(6) motions to be detrimental. ("Because of the similarity between Rule 12(c) and Rule 12(b) standards, courts typically will construe… a late Rule 12(b) motion.. as if it were brought under Rule 12(c)." *See* 5C Wright & Miller, Federal Practice and Procedure §1368(2016).

notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F. 3d 1202, 1216 (9th Cir. 2011).  The applicable standard under *Twombly-Iqbal* requires the complaint to include enough "[f]actual allegations….to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In particular, the *Twombly-Iqbal* standard requires that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, at 678, quoting *Twombly* at 570.  "Factual allegations must be enough to raise a right of relief above a speculative level." *Eclectic Props. E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 995 (9th Cir.2014), quoting *Twombly*. In reviewing a motion to dismiss, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc*., 349 F. 3d 1191, 1200 (9th Cir. 2003).

When evaluating a Rule 12(c) motion under the standards of Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and draw all inferences in the non-moving party's favor.  *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013); *Ass'n for L.A. Deputy Sheriffs v. County of Los Angeles*, 648 F.3d 986, 991 (9th Cir. 2011).  The Court is not required, however, to accept legal conclusions couched as factual allegations, supported "by mere conclusory statements" and "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

B. **Remington Fails To State A Claim For Patent Infringement**

Under the *Twombly-Iqbal* standard courts have "required some level of specificity regarding the accused product, i.e., beyond the generic descriptions such as those employed ('computer chips, motherboards, computers'). *See FootBalance System Inc. v. Zero Gravity Inside, Inc.* 2016 WL 903681 *at* *4 (S.D. Cal. Feb. 8, 2016).  To survive a motion to dismiss, "[s]ufficient allegations [of

1    direct infringement] would include, at a minimum, a brief description of what the

2    patent at issue does, and an allegation that certain named and specifically identified

3    products or product components also do what the patent does, thereby raising a

4    plausible claim that the named products are infringing." *Bender v. LG Elec.,* No. C

5    09-02114, 2010 WL 889541, at *6 (N.D. Cal. Mar. 11, 2010). Some courts have

6    even required an exact identification of the specific products accused. *See Wistron*

7    *Corp. v. Phillip M. Adams & Associates, LLC,* 2011 WL 4079231 at *4 (N.D. Cal.

8    Sept. 12, 2011). "Plaintiff must plead facts that allow an inference that the accused

9    products are 'especially made or especially adapted for us in an infringement of

10   such patent, and not a staple article or commodity of commerce suitable for

11   substantial noninfringing use.'" *Seoul Laser Dieboard Sys. Co. v. Serviform, S.r.l.,*

12   957 F. Supp. 3d 1189, 1198 (S.D. Cal. 2013) quoting 35 U.S.C. §271 (c).

13         Remington does not even allege which sections (if any) of 35 U.S.C. §271

14   Uni-Splendor infringes. Uni-Splendor is thus without notice whether it directly or

15   contributorily infringes on Remington's patents and which patents are infringed.

16   Remington does not include any description of what the patents at issue do and

17   fails to attach the patents at issue to the complaint. Instead, Remington attaches as

18   exhibits a list of all of its domestic and foreign patents which include forty (40)

19   domestic patents and thirty-five (35) foreign patents. Remington alleges that Uni-

20   Splendor "offered to sell and selling infringement products in this District."

21   Counterclaim ¶96. Remington attaches pictures of the infringing units. *See*

22   Exhibit D, Counterclaim. The pictures show packaging of Remington's product,

23   but it does not show or establish that the infringing units were distributed by Uni-

24   Splendor or its intermediaries. Such broad allegations and unclear photographs fail

25   to give Uni-Splendor notice of what specific products or aspects of its products

26   allegedly infringe. These allegations do not even meet the requirements of the

27   abrogated Rule 84, let alone the standard under *Twombly/Iqbal*. For these reasons,

28   Remington will be unable to amend its counterclaim to overcome Rule 12(b)(6).

### C. **Remington Fails to State a Claim For Trademark Infringement under 15 U.S.C. §1114**

In order to allege trademark infringement, Remington must prove a valid trademark and likelihood of confusion from Uni-Splendor's use of the mark. *Quality Semiconductor, Inc. v. Ologic Corp.*, 1994 WL 409483, at *1 (N.D. Cal. 1994). Section 15 U.S.C. §1114 specifically applies to a "registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services." *See* 15 U.S.C. §1114. There is no way Remington can amend its Counterclaim to remedy this cause of action. Unregistered marks are not presumed valid and not eligible for protection under 15 U.S.C. §1114. *Ford Motor Co. v. Ultra Coachbuilders Inc.*, 2000 WL 33256536 at *3(C.D. Cal. July 11, 2000)("Unregistered marks….are not presumed valid; instead Plaintiff must show these marks are distinctive.") In order to garner protection, Remington must show these marks are distinctive which Remington fails to do. *See Secular Organizations for Sobriety, Inc. v. Ullrich*, 213 F. 3d 1125, 2000 WL 675113, at *4 (9th Cir. 2000). Remington made no effort to show that its trademark are either inherently distinctive or have acquired secondary meaning.

It is not clear to Uni-Splendor which of Remington's marks are the asserted marks. The iCoffee mark which appears to be the mark that Remington claims Uni-Splendor infringes (Remington includes 70 registered, abandoned/unregistered trademarks as an exhibit to its Counterclaim) is not a registered mark[4] and only relates to "café services; coffee bars; coffee shops; tea bars." In fact, Remington has not even started using the mark.[5] Out of the 70 trademarks listed, 26 marks are in the "intent-to-use" basis meaning that Remington has not started using the marks. Remington also provides no allegations regarding how the mark is

---

[4] Remington, Inc. has registered "iCoffee" symbol, U.S. Regis. No. 85829070, however Remington, Inc. and Remington Designs, LLC are different entities.

[5] Based on the Trademark Status & Document Retrieval database, Remington applied for a fifth extension to file its statement of use.

7

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

"inherently distinctive or if it is descriptive and has acquired distinctiveness through secondary meaning." *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F. 3d 1042, 1047 (9th Cir. 1998).

Even if Remington can provide allegations regarding the distinctiveness of the marks (which it cannot), Remington's allegation of trademark infringement under 15 U.S.C. §1114 fails for the same reason that it fails under 15 U.S.C. §1125, as there can be no consumer confusion if genuine goods were sold.  There is no "false suggestion of affiliation with, sponsorship by, approval or authorization of, the trademark owner."  *Matrix Essential, Inc. v. Emporium Drug Mart, Inc*., 756 F. Supp. 280, 281 (1991).   It is clear Remington will be unable to amend its counterclaim to overcome Rule 12(b)(6).

### D.  Remington Fails to State Claims For Trademark Infringement Under 15 U.S.C. §1125

"To prevail on its Lanham Act trademark claim, a plaintiff must prove: 1) that it has a protectable ownership interest in the mark; and 2) that the defendant's use of the mark is likely to cause consumer confusion."  *See Rearden LLC v. Rearden Commerce, Inc.*, 683 F. 3d 1190, 1202-03 (9th Cir. 2012).  Under the Lanham Act, "a mark shall be deemed to be in use in commerce…when it is used or displayed in the sale or advertising or services and the services are rendered in commerce."  15 U.S.C. §1125**.**

Remington's allegations fail on both counts.  First, Remington's trademark claims are not ripe because the "iCoffee" mark has not been in use.  *See Image Online Design, Inc. v. Internet Corp. for Assigned Names and Numbers*, 2013 WL 489899 (C.D. Cal. Feb. 7, 2013)(Court found that the trademark infringement claim is not ripe for adjudication because the marks were not in use, finding "no one has used the mark or has the immediate capability and intent to use the mark. Therefore the issue is not ripe.").  It is not clear why Remington alleges that it engages "in the design, manufacture and distribution of, among other things, K-

Cup compatible single-cup coffee brewers under registered trademark iCoffee."
Counterclaim ¶36.[6]

Second, courts in the Ninth Circuit analyze eight factors, commonly called the *Sleekcraft* factors, to evaluate the likelihood of confusion: (1) the similarity of the marks; (2) the relatedness or proximity of the two companies' products or services; (3) the strength of the registered mark; (4) the marketing channels used; (5) the degree of care likely to be exercised by the purchaser in selecting goods; (6) the accused infringers' intent in selecting its mark; (7) evidence of actual confusion; and (8) the likelihood of expansion in product lines. *AMF Inc. v. Sleekcraft Boats*, 599 F. 2d 341, 346 (9th Cir. 1979). Courts in the Ninth Circuit rely on at least three types of evidence to show actual consumer confusion: "1) evidence of actual instances of confusion; 2) survey evidence; and 3) inferences arising from judicial comparison of the conflicting marks and the context of their use in the marketplace." *Classic Foods Intern. Corp. v. Kettle Foods, Inc.*, 2006 WL 5187497 at *14 (C.D. Cal. 2006).

However, it is not possible for Remington to present evidence of consumer confusion because Uni-Splendor did not sell the goods. But even assuming the facts in the Counterclaim are true, and that Uni-Splendor did sell the goods (which it did not), the goods sold by Uni-Splendor were not imitations of Remington products—they were genuine Remington products sold under an implied license. There can be no such confusion here because the genuine product was sold. *Monte Carlo Shirt, Inc. v. Daewoo Intern. Corp.*, 707 F. 2d 1054, 1057-8 (9th Cir. 1983). Remington alleges no facts and cannot put on evidence that would permit a

---

[6] The Court, need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F. 3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment. *Shaw v. Hahn*, 56 F. 3d 1128, 1129 n. 1 (9th Cir. 1995).

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

conclusion that consumers are likely to be confused to the source of the Remington goods.  As a result Remington's allegation that Uni-Splendor intends to confuse consumers is implausible.

E. **Remington Fails to State Claims For Trade Dress Infringement Under 15 U.S.C. §1125**

"A Plaintiff should clearly articulate its claimed dress to give a defendant sufficient notice." *Sleep Science Partners v. Lieberman*, 2010 WL 188170, at \*3 (N.D. Cal. May 10, 2010).  To state a claim for trade dress infringement, a plaintiff must allege the asserted trade dress: "1) is nonfunctional; 2) is either inherently distinctive or has acquired a secondary meaning; and 3) [defendant's product] is likely to be confused with [plaintiff's] products by members of the consuming public." *See Int'l Jensen, Inc. v. Metrosound U.S. A., Inc.*, 4 F. 3d 819, 823 (9th Cir. 1993).

The trade dress of a product is its overall image and appearance, and may include features such as size, shape, color or color combinations, texture, graphics, and even particular sales techniques.  *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 977 (10th Cir. 2002).  The degree of similarity is not measured by how many features are similar by whether the two trade dresses "create the same overall impression." *Bristol-Meyers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1046 (1992).

As a preliminary matter, Remington failed to articulate its trade dress with sufficient detail.  Remington's allegations are devoid of any description of its asserted trade dress.  Remington only ambiguously alleges Uni-Splendor's "use of designs, packaging and other materials" Counterclaim ¶87.  Similar to the defect in its trademark infringement claim under 15 U.S.C. §1114, Remington fails to provide any further description as to how the design, packaging is inherently distinctive or has secondary meaning. Remington has not alleged that the trade dress elements are non-functional or have acquired secondary meaning.  More

10

importantly, Remington cannot provide evidence to show that its trade dress is non-functional.  Remington admits that its new Spin Brew technology creates "a mini French press-like effect that produces a noticeably smoother tasting coffee with a more pleasant aftertaste and aroma." Counterclaim ¶36.  By its nature, Remington's trade dress is functional because it performs the utilitarian function of creating coffee.  *Disc Golf Assn'n, Inc. v. Champion Discs, Inc*., 158 F. 3d 1002, 1006 (9th Cir. 1998).  In addition because the alleged Accused Products are genuine goods, the argument regarding the degree of similarity of the features is not applicable and Remington's trade dress infringement claim fails as a matter of law.

### F.   Remington Fails to State a Claim for Common Law Trademark Infringement And Unfair Competition

Remington improperly combines two causes of action into one and both causes of action fail as a matter of law.  It is not clear which part of Remington's allegations references the common law trademark infringement and the unfair competition claims and Uni-Splendor is without notice to properly prepare for its defense.

#### i.   Remington's unfair competition claim fails

Remington's unfair competition claim does not even allege a violation of California Business and Professions Code §§17200.[7]  Remington fails to allege any prong of the unfair competition claim Uni-Splendor violates.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must identify the prong(s) underlying its unfair competition claim.  *Nuvo Research Inc. v. McGrath,* 2012 WL 1965870, at *6 (N.D. Cal. May 31, 2012).  "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair

---

[7]It is not clear if this cause of action is tied to Remington's second cause of action for unfair business practices.  However, the second cause of action fails for the same reason as this claim.

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

competition – acts or practices which are unlawful, or unfair, or fraudulent." *Cel–Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 180 (1999) (internal citation and quotation marks omitted).  "[T]he central issue presented under [the UCL] is whether the public at large, or consumers generally, are affected by the alleged...business practice of defendants." *In re Webkinz Antitrust Litig.*, 695 F. Supp. 2d 987, 998-99 (N.D. Cal. 2010). Thus, a UCL claim fails if it lacks any connection to the protection of fair competition or the general public. *Id.* at 999.  "'[D]ismissal of UCL actions is appropriate when the plaintiff is neither a competitor nor a consumer.'" *Sacramento E.D.M., Inc., v. Hynes Aviation Industries, Inc.*, 965 F. Supp. 2d 1141, 1154 (2013); *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 135 (2007).  Remington fails to allege how Uni-Splendor's practices harmed competition or the general public. *See Sacramento EDM, Inc. v. Hynes Aviation Indus., Inc.* 965 F. Supp. 2d 1141, 1154 (E.D. Cal. 2013).

Remington only alleges that "the public generally will be confused or misled as to the source of goods and services because they are likely to believe that Counterdefendant is selling goods affiliated with Counterclaimant." FAC at ¶92. Remington fails to allege whether Uni-Splendor is a consumer or that Uni-Splendor is a competitor.  Lastly, Remington's prayer for relief fails to request restitution or injunctive relief in connection with its unfair competition.  As such Uni-Splendor is left to speculate on Remington's theories of unfair competition.

### ii.   Remington's common law trademark claim fails

Remington's common law trademark cause of action fails for the same reason that it fails under 15 U.S.C. §1125.   Remington cannot establish an ownership interest in the mark because it has not yet begun using the mark. *Wood v. Apodaca*, 375 F. Supp. 2d 942, 948(N.D. Cal. 2005) (An ownership interest in a mark is demonstrated through priority of use); *Brookfield Commc'ns v. West Coast Entertainment Corp.*, 174 F. 3d 1036, 1051(9th Cir. 1999) (Use of mark occurs

1   when a mark is used in conjunction with the actual sale of goods or services).

2   Next, there can be no consumer confusion if no goods under the mark were used

3   and genuine goods were sold.  *See Toho Co. v. Sears, Roebuck & Co*., 645 F. 2d

4   788, 791 (9th Cir. 1981). ("Without likelihood of confusion there is no

5   infringement under the California common law of trademarks.").

6           G. **The Complaint Should Be Dismissed Because There Is An Implied
7              License**

8         Remington's allegations that Uni-Splendor sold iCoffee-Brand goods

9   without its consent is false as Remington destroyed the goods.  However, even if

10   true, this allegation fails because of the implied license.  The record is plain that

11   Uni-Splendor manufactured the accused products pursuant to purchase orders from

12   Remington.  As such the law implies a license for Uni-Splendor to do so with

13   respect to Remington's patents.  As a result, Remington cannot now claim patent

14   infringement for goods that it specifically ordered Uni-Splendor to manufacture

15   and sell.

16         "Patent infringement requires that the accused infringing acts be undertaken

17   'without authority.'" *See* 35 U.S.C. §271.  All of part of the right to exclude others

18   from making, using, or selling the patented invention may be waived by granting a

19   license, which may be express or implied.  *Met-Coil Systems Corp. v. Korners*

20   *Unlimited, Inc*., 803 F. 2d 684, 686-7 (Fed. Cir. 1986)(sale of nonpatented

21   equipment to practice patented invention results in implied license).  An implied

22   license "signifies a patentee's waiver of the statutory right to exclude others from

23   making, using, selling, offering to sell, or importing the patented invention." *Wang*

24   *Lab. v. Mitsubishi Elecs. Am*. 103, F. 3d 1571, 1580 (Fed. Cir. 1997).  An implied

25   license may be established by 1) equitable estoppel, 2) acquiescence, 3) conduct, or

26   4) legal estoppel.  *Id*.  Uni-Splendor will be able to establish the existence of an

27

28

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

1 implied license as an affirmative defense.[8]  In facts similar to this, Court has

2 granted a motion to dismiss.  *See Sun Microsystems, Inc. v. Versata Enterprises,*

3 *Inc.*, 630 F. Supp. 2d 395, 413 (D. Del. 2009) (court granted motion to dismiss

4 counterclaims for dismissal of claims of unenforceability based on theories of

5 equitable estoppel, laches, waiver and implied license.)

6       As a result, even if the Court were to find the claims for patent, trademark,

7 and trade dress infringement to be valid, the claims still fail as a matter of law

8 because of the implied license.

9                    H. **Leave To Amend Should Not Be Granted**

10       The Court will grant leave to amend unless it determines that no modified

11 contention "consistent with the challenged pleading… [will] cure the deficiency."

12 *DeSoto v. Yellow Freight Sys., Inc.*, 957 F. 2d 655, 658 (9th Cir. 1992).  Leave to

13 amend a complaint under FRCP 15(a) is "not warranted unless 'there is a distinct

14 claim cognizable in a federal court and consistent with the facts and allegations set

15 forth in her complaint that she might plead.'"  *Darkins v. Snowden*, 2013 U.S. Dist.

16 LEXIS 145021, *25-26 (C.D. Cal. Aug. 15, 2013) (quoting *Buckey v. City of Los*

17 *Angeles*, 968 F.2d 791, 794 (9th Cir. 1992)).  Granting leave to amend would be

18 futile as it would be difficult, if not impossible, for Remington to correct these

19 deficiencies in compliance with Rule 11.

20 IV.   **CONCLUSION**

21       For the foregoing reasons, Uni-Splendor respectfully requests this Court

22 grant its motion for partial judgment on the pleadings in all respects.

23 DATED: June 16, 2017                    By:  _/s/ John D. van Loben Sels_

24                                         JOHN D. VAN LOBEN SELS
                                           Attorneys for Plaintiff and
25                                         Counterdefendant

26                                         *Uni-Splendor Corp.*

27 
28 [8] On June 16, 2017, Uni-Splendor filed a motion for summary judgment on this
issue, ECF No. 30.

PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document was served on all counsel of record via the Court's CM/ECF system on June 16, 2017.

Respectfully submitted,

By:  _/s/ John D. van Loben Sels_

JOHN D. VAN LOBEN SELS
Attorneys for Plaintiff and
Counterdefendant

*Uni-Splendor Corp*

1
CERTIFICATE OF SERVICE