JAMES R. FELTON, ESQ. (State Bar No. 138767)
jfelton@greenbass.com
GREENBERG & BASS LLP
16000 Ventura Boulevard, Suite 1000
Encino, California 91436
Tel: (818) 382-6200 • Fax: (818) 986-6534

Attorneys for Defendant and Counterclaimant
Remington Designs LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNI-SPLENDOR CORP., a Taiwanese company,<br><br>Plaintiff,<br><br>v.<br><br>REMINGTON DESIGNS, LLC, a California limited liability company,<br><br>Defendant.<br><br>REMINGTON DESIGNS, LLC, c California limited liability company,<br><br>Counterclaimant,<br><br>v.<br><br>UNI-SPLENDOR CORP., a Taiwanese company,<br><br>Counterdefendant. | **CASE NO.: 2:16-CV-9316 PA (SSx)**<br><br>**PROTECTIVE ORDER UPON STIPULATION** |

## ORDER AND STATEMENT OF GOOD CAUSE

1. *Purposes and Limitation.* This action involves, among other things, claims and/or counterclaims in which both certain external and internal financial

information, and certain customer information, are recognized by the parties to be legitimately discoverable, and which information is not known to the general public. Accordingly, discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Paragraph 45, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. *Good Cause Statement.* This action is likely to involve information relating to identities of and relationships with customers and vendors, internal and external cost and pricing information, confidential business projections, financial information that the respective parties keep confidential, product information that the parties keep confidential, possible trade secrets, and other potentially valuable research, development, commercial, financial, technical and/or proprietary information not available to the general public and for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be

privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## DEFINITIONS

3. Action: this pending federal law suit.

4. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.



5. "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

6. Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

7. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

8. Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including,

3
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER UPON STIPULATION

among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

9. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

10. "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, that is extremely sensitive and highly competitive information the disclosure of which to another party or non-party would likely harm the competitive position of the party producing the information. Examples of information that could be considered HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL'S EYES ONLY include sales volumes, sales units, cost of goods sold, price structures, discounts, business costs, profits, margins, technical documents, marketing strategies, competitive business plans, and the identity of customers.

11. House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

12. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

13. Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

14. Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER UPON STIPULATION

15. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

16. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

17. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

18. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**SCOPE**

19. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

20. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**DURATION**

21. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, after the completion and exhaustion of all appeals of such dismissal; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

## DESIGNATING PROTECTED MATERIAL

22. Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

23. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

24. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

25. Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., Paragraph 26(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

26. Designation in conformity with this Order requires:

    a. For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S

EYES ONLY" (hereinafter "CONFIDENTIALITY legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

      b.    For a deposition transcript, the Producing Party shall designate the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" by requesting such treatment thereof either on the record at the time of the deposition or by written notice to all counsel of record after service of the final deposition transcript. If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be provided to all counsel of record within fourteen (14) days after completion and service of the final transcript. Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in accordance with this Protective Order. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript or

portion thereof in their possession or control as provided for in the written notice. The parties shall not disseminate a deposition transcript or the contents thereof beyond the persons designated in Paragraph 34 below, as applicable, for a period of fourteen (14) days after completion and service of the final transcript, except that portions of the transcript may be filed under seal with the Court in connection with these proceedings. Documents or things used as exhibits at a deposition that a party desires to be subject to this Protective Order shall be separately stamped or marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." The disclosing party will have the right to exclude from attendance at a deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel, the court reporter, the videographer, and the person(s) agreed upon pursuant to Paragraphs 33 and 34 below, as applicable.



c. For information produced in some form other than documentary (including, without limitation, electronically stored information produced in native format) and for any other tangible items, that the Producing Party affix in a prominent place on the media or exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

27. Inadvertent Failures to Designate; Pre-Order Documents. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. Further, if documents were produced prior to entry of this Order, then the Producing Party shall have 10 calendar days within which to designate any of the documents produced prior the entry of this Order in accordance

with the provisions hereof, and the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

28. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

29. Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

30. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## ACCESS TO AND USE OF PROTECTED MATERIAL

31. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Paragraph 46 below (FINAL DISPOSITION).

32. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

33. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a

9
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER UPON STIPULATION
1501982.1 -- 32125.0002

Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  a. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

  b. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

  c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  d. the court and its personnel;

  e. court reporters, videographers and their staff;

  f. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

  g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

  h. during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

  i. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

34. Disclosure of "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" only to:

    a. the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    b. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c. the Court and its personnel;

    d. court reporters, videographers and their staff;

    e. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    f. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

    g. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

35. Disclosure of "CONFIDENTIAL" and "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY" Information to Experts. If any Receiving Party desires to disclose information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" to any Expert pursuant to paragraphs 33(c) or 34(b) above, it must first identify in writing to the attorneys for the Producing Party each such Expert. Such identification shall include a current curriculum vitae and a signed "Acknowledgment and Agreement to Be Bound" (Exhibit A) from the Expert. The attorney for the Producing Party shall have five (5) business days from receipt of such notice to object in writing to disclosure of such

11
STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] PROTECTIVE ORDER UPON STIPULATION

information to any Expert so identified. If no objection is timely made, then "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" information may be disclosed to such Expert. The Parties shall attempt to resolve any objections informally. If objection is made, then any Party challenging the disclosure of Protected Material to the Expert may bring before the Court the question of whether Protected Material may be disclosed to such Expert. Any such motion shall be filed within ten (10) business days from the date of written objection to the disclosure. If no such motion is filed within this ten (10) business day period, Protected Material may be disclosed to that Expert. If a motion is filed, disclosure of Protected Material to the Expert shall not be made before approval of the Expert by the Court; and in no event shall disclosure be made before the deadlines for objecting and filing a motion set forth in this Paragraph 35. The burden of establishing confidentiality shall be on the Party who made the claim of confidentiality, but information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL EYES ONLY" shall be deemed as such until the matter is resolved.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

36. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," that Party must:

    a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

37. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## A NON-PARTY'S PROTECTED MATERIAL
## SOUGHT TO BE PRODUCED IN THIS LITIGATION

38. The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

39. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably

specific description of the information requested; and

        c.    make the information requested available for inspection by the Non-Party, if requested.

40. If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

41. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## INADVERTENT PRODUCTION OF
## PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

42. The parties acknowledge that regardless of the diligence of any party, an inadvertent production of privileged or attorney work product documents may occur. If a party, through inadvertence, produces or provides discovery that it reasonably believes is privileged or otherwise immune from discovery, the party may claw-back the protected document by making a written request to the receiving party specifically identifying the protected document by Bates number and including the date, author,



addressees, and topic of the document as well as a brief explanation substantiating the claim of privilege. If these conditions are met, the receiving parties shall not review the substance of the document in question and shall return to the producing party such inadvertently produced materials and all copies thereof within five (5) business days of receipt of the written request. Return of materials shall not constitute an admission or concession, or permit any inference, that the returned materials are, in fact, properly subject to a claim of privilege or immunity from discovery. The record of the identity and nature of an inadvertently produced document may not be used for any purpose other than in preparation of a motion to compel the production of the same document in this action. No information in an inadvertently produced document may be used or relied upon for any other purpose in this action until the Court so orders. After the return of the document(s), the receiving party may still challenge the producing party's claim(s) of privilege or work-product by making a motion to the Court.

**MISCELLANEOUS**

43. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

44. Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Compliance with this Order shall not operate as an admission that any particular information is or is not confidential.

45. Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in

1 the public record unless otherwise instructed by the court.

## FINAL DISPOSITION

3 46. After the final disposition of this Action, as defined in paragraph 21, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) all of the Producing Party's Protected Material has been returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 21 (DURATION).

## VIOLATIONS

21 47. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions. No Party or Non-Party shall be deemed to have violated this Order if before receiving notification of a designation, such information has been disclosed or used in a manner inconsistent with the designation. Any Party having received the previously non-designated materials shall retrieve such information from persons not entitled to it and, upon receipt of substitute designated copies from the Producing Party, shall return or destroy the non-designated copies.



16

1501982.1 -- 32125.0002

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Date: August 22, 2017                  Date: August 22, 2017

/s/ Kathleen Bricken *(with permission)*        /s/ James R. Felton
Kathleen Bricken                                James R. Felton
**GARVEY SCHUBERT BARER**                       **GREENBERG & BASS, LLP**
Attorneys for Plaintiff/                        Attorneys for
Counterdefendant,                               Defendant/Counterclaimant **REMINGTON DESIGNS, LLC**
**UNI-SPLENDOR CORP.**

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**
DATED:     August 22, 2017


_____/S/_____
Honorable Suzanne H. Segal
United States Chief Magistrate Judge

# EXHIBIT A

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury under the laws of the United States of America that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of Uni-Splendor Corp. v. Remington Designs, LLC., 2:16-CV-9316 PA (SSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State or Nation where sworn and signed:_____

Printed name:_____

Signature:_____